

FILED

JUL 13 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              ) Case No. 07-21718-C-7
                                   )
EUGENIO E. ALCALA and              ) MC No. MDE-1
GUADALUPE L. ALCALA                )
                                   )
        Debtors.                   )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR
PUBLICATION**

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtors filed their voluntary chapter 7 petition on



1  March 14, 2007.  They scheduled real property commonly known as
2  1574 Parc East Drive, Yuba City, CA 95993 ("property") as
3  property of the estate.  The first meeting of creditors was
4  held on April 10, 2007.  The chapter 7 trustee filed a report
5  finding that there is no property available for distribution
6  from the estate over and above that exempted by the debtors.
7  Debtors were discharged from all dischargeable debts on June
8  18, 2007.

9       On June 4, 2007, America's Servicing Company, et al.
10 ("movant") filed a motion, notice, and declaration requesting
11 that this court vacate the automatic stay to permit movant to
12 foreclose upon the property.  The fair market value of the
13 property is approximately $340,000.00.  Movant has a lien on
14 the property in the approximate amount of $306,327.78.  There
15 are other liens against the property in the approximate amount
16 of $296,787.00.

17      No opposition to the motion was filed within the time
18 prescribed by Local Bankruptcy Rule 9014-1(f)(1).  The parties
19 have consented to taking evidence by affidavit and have not
20 demonstrated that there is any disputed material factual issue
21 that would warrant an evidentiary hearing.  See L. Bankr. R.
22 9014-1(f)(1).  The evidentiary record is closed.  Id.

23      Upon review of the record, the court determined that
24 the written record was adequate and that no oral argument is
25 necessary.

26

27                    Conclusions of Law
28      The automatic stay of acts against debtor *in personam*

expires when the debtor is granted a discharge. 11 U.S.C. § 362(c)(2)(C). Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtors do not appear to have any equity in the property, since the debtors were granted a discharge, the automatic stay has expired as to the debtors. Thus, the motion insofar as it is directed at the interest of the debtors is moot and will be denied.

However, the motion will be granted as to the interest of the trustee.

An appropriate order will issue.

Dated: July 13, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Eugenio E. Alcala
Guadalupe L. Alcala
P.O. Box 1743
Yuba City, CA 95992

Mariko M. Gushi
212 4th Street
P.O. Box 2447
Marysville, CA 95901

Mark D. Estle
The Estle Law Firm
12520 High Bluff Drive, Suite 265
San Diego, CA 92130

Susan K. Smith
7485 Rush River Drive, #710-PMB 218
Sacramento, CA 95831

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 7/16/07

_____
Deputy Clerk